# CASES DETERMINED

## IN THE

# SUPREME COURT OF NEBRASKA

## SEPTEMBER TERM, 1914.

---

JOHN E. DeNOON, APPELLEE, v. LINCOLN TRACTION COMPANY, APPELLANT.

FILED OCTOBER 16, 1914. No. 17,785.

1. **Appeal:** FINDINGS: CONFLICTING EVIDENCE. In an action at law and upon a trial by a jury, all questions of fact upon conflicting evidence, upon which reasonable minds might differ, are for the consideration of the jury, and their finding will ordinarily be considered as final.

2. **Street Railways:** INJURIES TO PEDESTRIANS: NEGLIGENCE: QUESTION FOR JURY. Plaintiff sought to cross a street upon which there was a double line of street car tracks. As he started across the street and tracks, a street car was slowly approaching, crossing another street, with the evident purpose that the car should be stopped for receiving and discharging passengers. Another street car was approaching the same crossing on the track nearest to plaintiff. Plaintiff, supposing that the car first referred to would make its stop in the usual way, leaving the crossing clear so that he could safely cross both tracks to the opposite side of the street, proceeded on his way, safely crossing the first track, but the car stopped and stood across his way, and, in order to cross, it became necessary for him to wait for the car to move on, or change his course and pass into the cross street around the rear of the car. At that time the car going in the opposite direction was close upon him, pursuing its way toward the opposite side of the cross street, or further on if not flagged. The space between the passing cars was some 15 or 16 inches in width. He stood close to and against the car which had stopped on the crossing, but the passing car struck him, inflicting injuries. In an action by him for the resulting damages, it is *held* that, under the circumstances, the questions of defendant's negligence and of plaintiff's contributory negligence were questions of fact to be passed upon by the jury.

De Noon v. Lincoln Traction Co.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*C. S. Allen, F. E. Bishop* and *O. B. Clark,* for appellant.

*Morning & Ledwith, contra.*

REESE, C. J.

This is an action against the Lincoln Traction Company for personal injuries alleged to have been received by plaintiff by being struck by one of defendant's cars, and injured, at the street crossing on Twelfth and O streets in the city of Lincoln. The pleadings are in the usual form, plaintiff charging negligence on the part of defendant, and defendant denying negligence, but charging contributory negligence on the part of plaintiff. As no question is raised on the pleadings, they need not be stated. The prayer of the petition asks judgment for $10,000. There was a jury trial, which resulted in a verdict and judgment in favor of plaintiff for $1,000. Defendant appeals.

The facts, as alleged by both parties and substantially proved, are that there is a double street car track running east and west on O street crossing Twelfth street, and a single track running north and south on Twelfth street, the tracks being in the middle of the streets. Plaintiff was walking south on the east side of Twelfth street, approaching O street for the purpose of crossing to the south side. As he entered O street on the foot crossing, there was a car going east just crossing Twelfth street, and which would, and did, stop at the farther or east side for the purpose of receiving and discharging passengers. At the same time a street car, going west, was approaching from the east about one-half block away. Plaintiff, supposing the car going east, and which was in the act of stopping, would pass the foot walk in the usual way, and thinking he would have ample time to cross the tracks before the west moving car would reach the crossing, started to cross the street, but, after crossing the north track, discovered

that the east moving car had stopped directly on the cross-walk, so that in order to pursue his way he would have to walk around the rear end of the car into Twelfth street. Just then he observed the west moving car was approaching at what he alleges and testifies was a high rate of speed, and which would not give him sufficient time to retrace his steps or to pass around the rear of the other car. He stopped, and crowded up to the standing car in order that the west running car might pass by without striking him. The passing car struck him, rolling him between the cars to the rear of the car headed to the eastward, when he was thrown to the ground and rolled on the pavement some distance by the west moving car, receiving the injuries complained of.

With the exception of the question of the rate of speed of the west moving car at the time it struck plaintiff, there is little conflict in the evidence. It is conceded that, had the car headed for the east not stopped upon the cross-walk, and thus prevented plaintiff from passing, he would have had sufficient time to cross both tracks to safety, but it is insisted that the fact that the car stopped on and across the crosswalk is no evidence of negligence. The distance between the two tracks is about $4\frac{1}{2}$ feet, and the distance between the two cars in passing is about 15 or 16 inches. There are few questions of law presented. As the case was submitted to the jury, it presented the issues: Was the westbound car, which struck plaintiff, running at a high or dangerous rate of speed, under the circumstances? As we have seen, there was a conflict in the evidence as to this, and the question was for the jury. Was defendant guilty of negligence in stopping its eastbound car as it did, with about the middle of the car over the crosswalk, those in charge knowing that another car would pass it in going in the opposite direction, and that persons would be crossing the street at that time? This question was also for the jury. Was plaintiff guilty of contributory negligence in presuming that the crosswalk would be cleared, and in trying to cross the street as he did? If the court could not say that his act was so

reckless as to render him guilty of contributory negligence as matter of law, the question would also be for the jury under proper instructions by the court. These propositions are too well-settled to require the citation of authorities in their support. All questions of fact upon which reasonable minds might differ must be solved by the jury. *McLean v. Omaha & C. B. R. & B. Co.*, 72 Neb. 450. This we take it is the settled law.

Defendant asked the court to instruct the jury as follows: "You are instructed that the operation of the eastbound car was not negligent under the circumstances in the case. Whether the car stopped with the rear platform over the crossing or west of the crossing is immaterial, and you will find for the defendant on the issue of negligence in the operation of this car." The court refused to give the instruction, and the refusal is assigned as error. It is argued with considerable force that the fact of stopping at the point named cannot be held to be negligent; that defendant has the right to stop its cars "at any place on the track." As an abstract proposition, this is probably true, but, when considered in the concrete, the circumstances must be taken into consideration. As an extreme case, suppose a fire department is called out in an emergent case, and in making the run it is necessary to cross a street car track, has the street car company the right to stop its cars directly in the way of the fire department, standing its car directly in the road, thus preventing the department from crossing? The argument claims too much. While a car "may be lawfully stopped at any place on the track," as a general rule, yet the rights and safety of others must be considered. While, by a segregation and division of the evidence, we might conclude that defendant had the *right* to stop and hold its car as it pleased, without negligence, and, if the testimony of the motorman is true, there was no negligence in the speed of his car, we might consider that defendant was free from negligence, but, if all the circumstances chargeable to defendant in the management of both cars are to be considered, different conclusions might be arrived at, and that defendant should

be held liable; all of which goes to demonstrate that the questions presented were for the consideration of the jury. The court, therefore, did not err in refusing to give the instruction asked.

So far as the record discloses, the case was properly submitted to the jury, under proper instructions, and we are unable to detect any error prejudicial to defendant.

The judgment of the district court is therefore

AFFIRMED.